REDMANN, Judge,
dissenting in part.
Plaintiff’s position is in part unreasonable because in part it amounts to a demand to be paid twice for one year’s work — once as department head and then again as salesman.
When plaintiff’s new oral employment agreement began with fiscal 1975-76, he cannot have claimed entitlement to a salesman’s commission on the new construction contracts that were contracted before 1975-76, because he had received full pay (including substantial bonuses) for all of his work before 1975-76 including any “selling.” Yet he and defendant both understood and performed the new oral contract as meaning that the “commissions” for his work in 1975-76 would be calculated on all contracts performed in 1975-76, notwithstanding that virtually all of them were contracted prior to the new employment agreement.
Plaintiff in fact collected his “commissions” for 1975-76 on that basis; and it is not reasonable to claim, as he does now, that the contracts on which he was due his “commissions” for his work that year were the contracts “sold” in 1975-76. (He argues, in effect, that the pay he received in 1976-77 was primarily for his “sales” in 1975-76, and that he is therefore still due his pay for much of his “sales” in 1976-77.)
That can hardly have been either plaintiff’s or defendant’s then interpretation of an oral agreement for “commissions” that were asked for and given primarily to convert plaintiff’s compensation from an indefinite “bonus” into a more definite formula. The reasonable interpretation of the oral agreement is that then placed on it by the parties, La.C.C. 1956[1]; the new “commission” was not a salesman’s commission on contracts “sold” during the year, but a department head’s commission on contracts performed during the year, and that “commission” was to take the place of the former “bonus.” Just as the bonus constituted payment in full for plaintiff’s work for the year, so did that commission.
The only compensation plaintiff is still partly owed is for the work he did between June 30 and September 29,1977 [2], for which *1206 the $15,904 commissions (net of draw) on contracts performed during that period is the.correct amount. Plaintiff is not owed the added $36,544 that the trial judge awarded nor any other sum. I therefore concur in the majority’s reduction, but I would further reduce to $15,904.

. When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation.

. Defendant’s president and an accountant testified that plaintiff was told in September or October of 1976 that his annual compensation would have to be reduced by the salaries of two persons hired to help plaintiff (who previously was the only employee in his department). If that were proven, then the former oral contract might have been unilaterally terminated by the employer (as it had the legal power to do), and plaintiffs continuing to work might have constituted acceptance of the new oral contract. Under that new contract, plaintiff might have been obliged to suffer the deduction of those employee salaries totalling $32,000 in 1976-77, and thus might have been overpaid even through September 29, 1977.
But plaintiff testified that defendant’s president never did tell him that those new employee salaries would have to be deducted until the time of his firing, and we simply cannot say *1206 that the trial judge erred in believing plaintiff rather than defendant’s witness.